Mark N. Mutterperl (MM-1977)
Todd R. Hambidge (TH-7693)
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
Tel: (212) 318-3000
Fax: (212) 318-3400
*Attorneys for Plaintiff Apple Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------x

APPLE INC.,

    *Plaintiff,*

-against-

APPLE STORY INC., FUN ZONE INC.,
JANICE PO CHIANG, JOHN DOES 1-50,
and XYZ BUSINESSES,

    *Defendants.*

------------------------------------x

CIVIL ACTION NO. _____

COMPLAINT

(JURY TRIAL DEMANDED)

FILED UNDER SEAL

Plaintiff Apple Inc. ("Apple") by its undersigned attorneys for its complaint against defendants Apple Story Inc., Fun Zone Inc., Janice Po Chiang, John Does 1-50, and XYZ businesses (collectively "Defendants") alleges as follows:

NATURE OF THE ACTION

1. This case concerns Defendants' distribution and sale of counterfeit, infringing, and diluting cases and accessories for Apple's IPHONE, IPOD and IPAD mobile devices and Defendants' infringing and diluting use of a store branded "APPLE STORY" to sell these products. Apple seeks injunctive and monetary relief against Defendants for: (i) federal trademark counterfeiting under 15 U.S.C. § 1114; (ii) federal trademark infringement under 15 U.S.C. § 1114; (iii) federal false description and false designation of origin in commerce under 15 U.S.C. § 1125; (iv) federal trademark dilution under 15 U.S.C. § 1125; (v) New York dilution

of trademark and injury to business reputation under New York General Business Law § 360-l; (vi) deceptive trade practices under New York General Business Law § 349; (vii) use of a name with intent to deceive under New York General Business Law § 133; (viii) unfair competition under the common law of the State of New York; and (ix) unjust enrichment under the common law of the State of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367 and general principles of ancillary and pendent jurisdiction.

3. This Court has personal jurisdiction over Defendants because Defendants are located or domiciled in this judicial district or are doing business here or, alternatively, because Defendants are subject to personal jurisdiction under New York Civil Practice Law and Rule § 302.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

5. Apple Inc. is a corporation organized and existing under the laws of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

6. Upon information and belief, defendant Apple Story, Inc., ("Apple Story"), is a New York corporation with a place of business at 40-21 Main Street, Flushing, New York 11354.

7. Upon information and belief, defendant Fun Zone, Inc., ("Fun Zone"), is a New York corporation with a place of business at 37-12 Main Street, #19, Flushing, New York 11354.

8. Upon information and belief, defendant Janice Po Chiang is located in New York, with residences at 502 128th Street, (also known as 502 Julius Road) College Point, New York 11356 and 22-12 146th Street, Whitestone, New York 11357, and is the owner of defendants Apple Story and Fun Zone. At all material times, Chiang controlled and directed the activities of and operated Apple Story and Fun Zone.

9. John Does and XYZ Businesses are individuals and business entities who participated in the manufacture, sale or distribution of the counterfeit, infringing and diluting products at issue. The identities of the various John Does and XYZ Businesses are not presently known. To the extent that Apple learns their identities, those entities will be joined as defendants and the acts in which they engaged will be pled in an amended complaint.

## APPLE PRODUCTS AND TRADEMARKS

10. Apple is the world-famous technology company that designs, manufactures, and markets a range of personal computers, mobile communication and media devices, portable digital music players, and a variety of related software, services, peripherals, networking solutions, and third-party digital content and applications.

11. Since at least as early as 1977, Apple has extensively promoted, marketed, advertised, distributed, and sold goods and services in connection with a family of trademarks consisting, in whole or in part, of the word APPLE and a visual equivalent of the word as a logo depicting a stylized apple, as shown below (the "Apple Logo"):



12. The APPLE trademark and the Apple Logo (collectively, the "Apple Marks") have become two of the most famous and widely recognized marks in the world. They are an integral part of Apple's business and are of enormous value to the company. Indeed, one or more of the Apple Marks are prominently displayed on each and every one of Apple's products, where practicable. Where the size or design of the particular product make this impracticable, one or more of the Apple Marks are prominently displayed on that product's packaging. Further, one or more of the Apple Marks are used in connection with each of Apple's services, and are featured in all of Apple's visual advertising.

13. Apple has long been recognized as one of the most well-known, admired, and innovative companies in the world. For example, in 2011, Apple's APPLE brand was ranked by global market research and brand valuation and management company Millward Brown Optimor ("MBO") as the *most valuable brand in the world*, with an estimated value of $153 billion. Furthermore, Apple has featured prominently in *Fortune Magazine*'s list of "America's Most Admired Companies" since the list was first published in 2006, and since 2008, Apple has topped the list as "America's Most Admired Company."

14. Millions of people throughout the United States and world have purchased and used Apple's portfolio of famous products which include the IPOD line of portable digital music and media devices, the IPHONE mobile communication and media device and the IPAD multi-purpose mobile device. In addition, millions of people each year visit and shop at Apple's brick and mortar APPLE STORE retail storefronts and Apple's online APPLE STORE internet portal located at http://store.apple.com.

15. Apple's IPOD, IPHONE and IPAD mobile devices are highly innovative and revolutionary. They have enjoyed enormous sales success and transformed and redefined their

respective product categories. In 2005, *Fortune* magazine said about the IPOD media player "[i]t's hard to recall any branded recreational product that ever carried the cultural oomph that iPod now has." In April 2009, *PC Magazine* called the IPHONE mobile communication and media device ". . . a proven consumer phenomenon." In June 2011, *Business Insider* wrote that the IPAD multi-purpose mobile device is "overwhelmingly the only tablet that matters."

16. Since their introductions in 2001, 2007 and 2010, respectively, Apple has sold over 300 million IPOD media devices, 100 million IPHONE mobile communication and media devices and 20 million IPAD multi-purpose mobile devices. In fiscal year 2010, sales of all Apple branded products were $65 billion, over $38 billion of which was derived from sales of IPOD, IPHONE and IPAD mobile devices and related products and services.

17. Apple spends hundreds of millions of dollars each year to advertise and promote the Apple brand and Apple's IPOD, IPHONE and IPAD mobile devices. In addition, unsolicited articles and stories and mentions of Apple, Apple's IPOD, IPHONE and IPAD mobile devices and Apple's APPLE STORE retail services in magazines and newspapers are commonplace and Apple's IPOD, IPHONE and IPAD mobile devices have been featured in many television shows and movies.

18. Apple operates over 300 APPLE STORE retail locations worldwide, over 230 of which are in the United States. The stores are located in high-traffic locations in quality shopping districts and are designed to simplify and enhance the presentation and marketing of Apple's products and related solutions. The stores employ experienced and knowledgeable personnel who provide product advice, service and training. The stores themselves have become attractions. For example, according to *PC Magazine*, the now iconic APPLE STORE retail location on Fifth Avenue is *one of the most photographed attractions in New York City*. Apple

manufactures and sells in its APPLE STORE retail locations various accessories for its IPOD, IPHONE and IPAD mobile devices including, among other things, product cases and headphones.

19. Apple owns numerous federal trademark registrations for the Apple Marks and Apple's IPOD, IPHONE, IPAD, and APPLE STORE marks, including without limitation the following United States federal registrations on the Principal Register:

| U.S. REGISTRATION NO. | APPLE TRADEMARK |
|---|---|
| 1,078,312; 3,928,818; | APPLE |
| 1,114,431; 2,690,881; 2,715,578; 2,926,853; 3,679,056 | (Apple logo) |
| 3,669,402; 3,746,840; 3,870,782; 3,870,783; 3,877,185 | IPHONE |
| 2,835,698; 3,089,360; 3,341,191; 3,497,047; 3,741,470 | IPOD |
| 3,776,575 | IPAD |
| 2,462,798; 2,683,410; 3,710,912 | APPLE STORE |

(These marks are collectively referred to as "the Apple Trademarks.")

20. The above-identified registrations are valid and in full force and effect. Indeed, affidavits have been filed and accepted pursuant to Sections 8 and 15 of the Lanham Act for Registration Nos. 1,078,312; 2,715,578; 1,114,431; 2,690,881; 2,926,853; 2,835,698; 2,683,410; and 2,462,798, rendering such registrations incontestable.

21. Apple also owns a trademark registration for the design of the IPHONE mobile communication and media device as well as registrations for the icons that appear on the main menu and packaging of the IPHONE and IPOD TOUCH mobile devices. (Reg. Nos. 3,470,983;

3,886,196; 3,889,642; 3,889,686; 3,889,685; 3,886,227; 3,886,225; 3,886,204; 3,886,200; 3,886,169; 3,886,167; 3,886,165; and 3,628,321).

22. Apple's use of the Apple Trademarks has been substantially exclusive and Apple has consistently taken measures to protect the Apple Trademarks from infringement and dilution. This continued exclusive use and protection of the Apple Trademarks has contributed to strong recognition by the public of the marks.

23. As a result of its extensive sales and marketing of products sold under the Apple Trademarks, Apple owns common law rights in all of the Apple Trademarks.

24. The Apple Trademarks are inherently distinctive.

25. The Apple Trademarks also have acquired distinctiveness.

26. Apple has engaged and continues to engage in interstate activities designed to promote the Apple Trademarks and the business and goodwill associated with each of its marks, logos and property in the State of New York and throughout the United States.

27. By virtue of Apple's substantial use, sales, advertising, and promotion of the Apple Trademarks throughout the United States and the world, the enormous publicity and media attention accorded to the marks, and the inherently distinctive nature of the marks, the Apple Trademarks are well-known and famous marks, distinctive of Apple products and services, and identify and indicate the source of Apple's products and services to consumers, purchasers and others. Among actual and potential consumers, Apple has developed enormous goodwill and an excellent reputation both for itself and its APPLE, IPHONE, IPOD and IPAD branded products and services.

## DEFENDANTS AND THEIR ACTIVITIES

28. Defendants are improperly profiting from Apple's tremendous investment in the Apple Trademarks and IPOD, IPHONE and IPAD mobile devices by incorporating, in whole or in part, the Apple Trademarks on counterfeit, infringing and diluting cases and accessories for IPOD, IPHONE and IPAD mobile devices and by operating a store they have branded "Apple Story" in which they sell these products.

29. The Defendants' store is located in a mall in Flushing, New York. Defendants offer to sell, and sell, among other things, accessories such as cases and headphones for use with Apple's IPOD, IPHONE and IPAD mobile devices.

30. Upon information and belief, Defendants also own and operate a store named the Fun Zone, also in Flushing, New York, in which, among other things, they sell and repair IPHONE mobile communication and media devices and sell product accessories such as cases and headphones for IPOD, IPHONE and IPAD mobile devices.

31. Apple representatives visited Defendants' APPLE STORY and FUN ZONE stores on multiple occasions over several weeks and purchased an assortment of cases and stereo headsets bearing one or more of the Apple Trademarks, but which are not made or authorized by Apple. Descriptions of these products follow.

### IPHONE and IPOD Device Cases

32. The design and layout of Defendants' cases for Apple's IPHONE and IPOD devices duplicate the design and layout of the back of these devices. The cases prominently display the Apple Logo and IPHONE mark with the phrase "Designed by Apple in California. Assembled in China." The cases also include markings similar to those that appear at the bottom of the back of genuine IPHONE and IPOD devices.

33. Apple does not manufacture or sell, or authorize anyone to manufacture or sell, cases for the IPHONE mobile communication and media device bearing the Apple Logo and/or Apple's IPHONE marks. While Apple manufactures and distributes Apple Logo branded cases for IPOD media players, it does not manufacture or distribute any cases which duplicate or mimic the design and layout of the back of IPOD media players, nor does it authorize any third party to manufacture or sell cases for the IPOD media player which duplicate or mimic the design and layout of the back of the IPOD media players..

### IPAD Multi-purpose Mobile Device Cases

34. The design and layout of Defendants' case for Apple's IPAD multi-purpose mobile devices duplicate the design and layout of the back of a genuine IPAD device. The case prominently displays the Apple Logo and IPAD mark with the phrase "Designed by Apple in California. Assembled in China." The case also includes at the bottom markings that are similar to those that appear on the bottom of the back of a genuine IPAD multi-purpose mobile device.

35. While Apple manufactures and distributes an Apple Logo branded case for IPAD multi-purpose mobile devices, it does not manufacture or distribute any cases which duplicate or mimic the design and layout of the back of the IPAD multi-purpose mobile device, nor does it authorize any third party to manufacture or sell cases for the IPAD multi-purpose mobile device which duplicate or mimic the design of the back of the IPAD multi-purpose mobile device. The cases Defendants offer to sell and sell were not manufactured, approved or authorized by Apple and are counterfeit.

### Stereo Headsets for the IPHONE Mobile Communication and Media Device

36. Defendants' packaging for its Stereo Headsets for the IPHONE mobile communication and media device is nearly an exact duplicate of genuine Apple packaging and

appears to be a color copy of a genuine box, which has resulted in some minor differences in the box that an average purchaser would not notice. These include: (1) a slight difference in coloring of the boxes (grey v. grey-black); (2) differences in coloring in the Apple Logos and IPHONE trademarks on the boxes (white v. metallic); (3) minor detail on the images of the headphones that cannot be seen on Defendants' box, but can be seen on the genuine box. In addition, the bottom side of a genuine box has a UPC bar code sticker on it with the statement "Designed by Apple in California Made in China" and various other notations and symbols. Defendants' box has a copy of the same sticker on the bottom side of the box, not an actual sticker.

37. From a visual inspection, Apple determined that the headsets are not genuine because the plastic connectors, which connect the ear buds to the rest of the headset, were about one-half as long on Defendants' product as those that Apple uses on genuine product.

38. Defendants' packaging and stereo headsets were not manufactured, approved or authorized by Apple and are counterfeit.

39. Defendants are not affiliated with or sponsored by Apple and have not been authorized by Apple to sell the products at issue or to use the name "Apple Story" in any manner. As a result of Defendants' activities, Apple is extremely concerned about the irreparable harm that is being caused, and will continue to be caused, by Defendants' sale of these counterfeit Apple items and the use of the infringing and diluting "Apple Story" name.

40. Defendants, without authorization or license from Apple, have knowingly and willfully used, reproduced or copied the Apple Trademarks in connection with the distribution, sale and offering for sale of counterfeit, infringing, and diluting copies of Apple products and services.

41. Defendants' conduct is likely to cause confusion in the marketplace as to the source of the goods and services, deceive the public, and harm and dilute the Apple Trademarks.

42. Upon information and belief, Defendants know that the products they are selling and offering to sell are not genuine Apple products. At a minimum, Defendants failed to make diligent inquires and were thus willfully blind to this fact.

43. Defendants are trading on and receiving the benefit of the goodwill Apple has established in the Apple Trademarks through considerable labor and expense over many years, by gaining acceptance of their goods and services not on their own merit, but on the reputation and goodwill of Apple.

44. Defendants' acts complained of herein remove from Apple the ability to control the nature and quality of its goods and services and place the valuable reputation and goodwill of Apple into the hands of the Defendants, over whom Apple has no control.

45. Unless the acts of Defendants are temporarily, preliminarily and permanently enjoined by this Court, such acts will continue to cause irreparable injury to Apple and to the public for which there is no adequate remedy at law.

FIRST CAUSE OF ACTION:
Federal Trademark Counterfeiting

46. Apple repeats and realleges each and every paragraph set forth above as if fully set forth herein.

47. In violation of 15 U.S.C. § 1114, Defendants use and used in commerce, without Apple's consent, either a reproduction, counterfeit, copy or colorable imitation of the Apple Trademarks in connection with the sale, offering for sale, distribution, or advertising of counterfeit products that is likely to cause confusion, or to cause mistake or to deceive.

48. The acts of Defendants complained of herein constitute trademark counterfeiting.

## SECOND CAUSE OF ACTION:
### Federal Trademark Infringement

49. Apple repeats and realleges each and every paragraph set forth above as if fully set forth herein.

50. The acts of Defendants complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114.

## THIRD CAUSE OF ACTION:
### Federal False Description And False Designation Of Origin In Commerce

51. Apple repeats and realleges each and every paragraph set forth above as if fully set forth herein.

52. In violation of 15 U.S.C. § 1125, Defendants use and used a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was or is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Apple or as to the origin, sponsorship, or approval of Defendants' goods or services.

53. The acts of Defendants complained of herein constitute false description and false designation.

## FOURTH CAUSE OF ACTION:
### Federal Trademark Dilution

54. Apple repeats and realleges each and every paragraph set forth above as if fully set forth herein.

55. The Apple Trademarks are famous and distinctive within the meaning of 15 U.S.C. § 1125(c).

56. Defendants began to sell their products and offer their services at issue after the Apple Trademarks became famous.

57. Defendants have diluted and are likely to dilute the Apple Trademarks.

58. The acts of Defendants complained of herein constitute trademark dilution.

### FIFTH CAUSE OF ACTION:
### New York Dilution Of Trademark And Injury To Business Reputation

59. Apple repeats and realleges each and every paragraph set forth above as if fully set forth herein.

60. The Apple Trademarks are distinctive within the meaning of New York General Business Law § 360-l.

61. Defendants have injured and are likely to injure Apple's business reputation or Defendants have diluted and are likely to dilute the distinctive quality of a mark or trade name owned by Apple.

62. The acts of Defendants complained of herein constitute dilution of the Apple Trademarks and injury to Apple's business reputation.

### SIXTH CAUSE OF ACTION:
### New York Deceptive Trade Practices

63. Apple repeats and realleges each and every paragraph set forth above as if fully set forth herein.

64. In violation of New York General Business Law § 349, Defendants are selling, offering for sale or distributing their own products unlawfully bearing the Apple Trademarks.

65. The acts of Defendants complained of herein constitute deceptive trade practices.

## SEVENTH CAUSE OF ACTION:
### New York Use of Name with Intent to Deceive

66. Apple repeats and realleges each and every paragraph set forth above as if fully set forth herein.

67. In violation of New York General Business Law § 133, Defendants, with an intent to deceive or mislead the public, are using the Apple Trademarks as part of a corporate, assumed, or trade name, for advertising purposes or for the purposes of trade, which is likely to deceive or mislead the public as to the identity of Defendants or as to the connection of Defendants with Apple.

## EIGHTH CAUSE OF ACTION:
### Common Law Unfair Competition

68. Apple repeats and realleges each and every paragraph set forth above as if fully set forth herein.

69. In violation of the common law of the state of New York and elsewhere, Defendants have unfairly competed with Apple.

## NINTH CAUSE OF ACTION:
### Unjust Enrichment

70. Apple repeats and realleges each and every paragraph set forth above as if fully set forth herein.

71. Defendants profited from the sale of their goods under Plaintiff's trademarks, Defendants' profits came at the expense of Plaintiff's profits, and Defendants' profits were procured in violation of federal and state trademark law.

72. By reason of Defendants' unlawful activities, Apple has sustained injury, damage and loss and Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays that:

(a) Defendants, their agents, servants, employees and all persons acting in concert or participating with Defendants, be temporarily, preliminarily and permanently enjoined and restrained from:

(i) improperly using any of the Apple Trademarks or any name, or any marks similar thereto, in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use, of consumer electronic products and components and related accessories such as cases and headsets;

(ii) using in any manner the names or marks APPLE or APPLE STORY or any names or marks confusingly similar thereto as a store name or otherwise in connection with the sale of any products including without limitation consumer electronic products or components or related accessories such as cases and headsets;

(iii) passing off, inducing or enabling others to sell or pass off any consumer electronic products or components or related accessories such as cases and headsets as Apple products, or any other products as produced by or for Apple, which are not Apple's products, or are not produced under the control and supervision of Apple and approved by Apple for sale;

(iv) committing any acts calculated to cause the public to believe that Defendants' products are those sold under the control and supervision of Apple, or sponsored or approved by, or in connection with, or guaranteed by, or produced under the control and supervision of Apple;

(v) further diluting and infringing the Apple Trademarks and damaging Apple's goodwill;

(vi) otherwise unfairly competing with Apple;

(vii) shipping, delivering, distributing, returning or otherwise disposing of, in any manner, any other products that are counterfeit or infringe the Apple Trademarks;

(viii) using any reproduction, counterfeit, copy or colorable imitation of any of the Apple Trademarks in connection with the publicity, promotion, sale or advertising of any products manufactured, received, acquired, imported, shipped, purchased, sold, offered for sale or distributed by Defendants;

(ix) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or symbols tending to falsely describe or represent such products as being Apple products and from offering such goods in commerce;

(x) destroying any records documenting the manufacture, distribution, sale or receipt of any cases or headsets or other products that are counterfeit or infringe the Apple Trademarks; and

(xi) assisting, aiding or abetting any other person or business entity to engage in or to perform any of the activities referenced in subparagraphs (i) through (x) above.

(b) Defendants be required to deliver to Apple any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other materials in Defendants' possession or under their control bearing any of the Apple Trademarks, alone or in combination with any other words, used in connection

with the advertising, offering for sale or sale of products which are not genuine Apple products, or not made under the authorization and control of Apple.

(c) Defendants, within three (3) days after the entry of service on Defendants of an injunction, whether temporary, preliminary or permanent, be ordered to provide Apple with a complete list of individuals or entities (including names, addresses and other contact information) from whom they have purchased and to whom they have distributed and/or sold all products bearing the Apple Trademarks.

(d) Defendants be required to deliver to Apple for eventual destruction their entire inventory of counterfeit and infringing products.

(e) Defendants, within fifteen (15) days after the entry and service on Defendants of an injunction, whether temporary, preliminary, or permanent, be ordered to file with this Court and serve upon Apple a written report under oath setting forth in detail the manner in which each of the Defendants has complied with each injunction.

(f) Apple recover all damages it has sustained as a result of Defendants' activities and that said damages be trebled.

(g) Apple recover exemplary damages.

(h) Defendants account for and pay over to Apple profits each has realized by reason of Defendants' unlawful acts, increased as the Court finds to be just under the circumstances of this case.

(i) Apple be awarded reasonable attorneys' fees, costs of this action, and prejudgment and postjudgment interest.

(j) Apple recover such other relief as this Court deems appropriate.

Dated: July 25, 2011

Respectfully submitted,

Mark N. Mutterperl
Todd R. Hambidge
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
Tel: (212) 318-3000
Fax: (212) 318-3400
*Attorneys for Plaintiff Apple Inc.*

## JURY DEMAND

Apple Inc. demands trial by jury of all issues so triable.

Mark N. Mutterperl

95112508.2

- 18 -