IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DOCKET & FILE

| | |
|---|---|
| APPLE INC., | |
| *Plaintiff,* | CIVIL ACTION NO. 11 CV 3550 |
| -against- | CONSENT ORDER OF JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS |
| APPLE STORY INC., FUN ZONE INC., JANICE PO CHIANG, JIMMY KWOK, JOHN DOES 1-50, and XYZ BUSINESSES, | |
| *Defendants.* | |

Plaintiff Apple Inc. ("Apple"), having filed its complaint on July 25, 2011, and its First Amended Complaint on August 1, 2011 (the "Complaint"), and defendants Apple Story Inc., Fun Zone Inc., Janice Po Chiang and Jimmy Kwok (collectively, "Defendants") having consented to this Consent Order Of Judgment And Permanent Injunction,

NOW, THEREFORE, upon the consent of the parties hereto,

IT IS ORDERED, ADJUDGED and DECREED that a Judgment and Permanent Injunction be entered as follows:

1. This Court has jurisdiction of the subject matter of this action and over all the parties hereto.

2. The following Apple trademarks are good, valid and enforceable in law:

| U.S. REGISTRATION NO. | APPLE TRADEMARK |
|---|---|
| 3,928,818; 1,078,312 | APPLE |
| 3,679,056; 2,715,578; 1,114,431; 2,690,881; 3,679,056; 2,926,853 | [Apple logo] |
| 3,669,402; 3,746,840; 3,870,782; 3,870,783; 3,877,185 | IPHONE |

| U.S. REGISTRATION NO. | APPLE TRADEMARK |
|---|---|
| 3,341,191; 3,497,047; 2,835,698; 3,741,470; 3,089,360 | IPOD |
| 3,776,575 | IPAD |
| 2,683,410; 3,710,912; 2,462,798 | APPLE STORE |

(together, the "Apple Trademarks"). Apple is the sole proprietor of all right, title and interest in and to the Apple Trademarks.

3. Apple alleged that Defendants have offered for sale, sold and distributed counterfeits of the Apple Trademarks. Defendants denied such allegation.

4. Apple alleged that Defendants' use of the trade name APPLE STORY violated Apple's APPLE and APPLE STORE rights. Defendants denied such allegation.

5. The seizure, conducted on July 27, 2011, pursuant to the Court's July 25, 2011, Order, is confirmed.

6. The bond Apple posted pursuant to the Court's July 25, 2011, Order, shall be released.

7. Defendants and their successors, assigns, affiliates, officers, directors, agents, servants, employees, representatives, heirs, executors and all other persons, firms, corporations or other entities in active concert or participation with Defendants, or any of the foregoing persons or entities, who receive notice hereof, are hereby permanently enjoined and restrained from:

(a) improperly using any of the Apple Trademarks or any other Apple trademarks, service marks, trade names or trade dress, or any name or any marks similar thereto, in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use, of any products or services (guidance for third parties on the proper use of the Apple Trademarks, or any other Apple trademarks, service marks, or trade name is set forth in Apple's

Guidelines for Using Apple Trademarks and Copyright at http://www.apple.com/legal/trademark/guidelinesfor3rdparties.html);

    (b) using in any manner the names or marks APPLE or APPLE STORY or any names or marks similar thereto to identify a store or business;

    (c) passing off, inducing or enabling others to sell or pass off any consumer electronic products or components or related accessories such as cases and headsets as Apple products, or any other products as produced by or for Apple, which are not Apple's products, or are not produced under the control and supervision of Apple or approved by Apple for sale;

    (d) committing any acts calculated to cause the public to believe that Defendants' products are those sold under the control and supervision of Apple, or sponsored or approved by, or in connection with, or guaranteed by, or produced under the control and supervision of Apple;

    (e) diluting and infringing the Apple Trademarks and damaging Apple's goodwill;

    (f) shipping, delivering, distributing, returning or otherwise disposing of, in any manner, any other products that are counterfeits of or infringe upon the Apple Trademarks or any other Apple trademarks, service marks, trade names or trade dress;

    (g) using any reproduction, counterfeit, copy or colorable imitation of any of the Apple Trademarks or any other Apple trademarks, service marks, trade names or trade dress in connection with the publicity, promotion, sale or advertising of any products manufactured, received, acquired, imported, shipped, purchased, sold, offered for sale or distributed by Defendants, including without limitation, any oversized iPhone-shaped displays including those which Defendants have used in connection with the APPLE STORY retail location;

   (h) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or symbols tending to falsely describe or represent such products as being Apple products and from offering such goods in commerce;

   (i) destroying any records documenting the manufacture, distribution, sale or receipt of any cases or headsets or other products that Apple has identified in this case as counterfeit;

   (j) unfairly competing with Apple; and

   (k) assisting, aiding or abetting any other person or business entity to engage in or to perform any of the activities referenced in subparagraphs (a) through (j) above.

  8. Within five (5) days of the execution by the Court of this Order, Defendants are required to deliver to Apple any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other materials in Defendants' possession or under their control bearing any of the Apple Trademarks or any other Apple trademarks, service marks, trade names or trade dress or the phrase "Apple Story," alone or in combination with any other words, used in connection with the advertising, offering for sale or sale of products which are counterfeit or infringe on any of the Apple products, or not made under the authorization and control of Apple. To effectuate this provision, the parties shall work together to identify the documents and things to deliver. After such delivery, this provision shall be deemed satisfied.

  9. Within five (5) days of the execution by the Court of this Order, Defendants are required to deliver to Apple for eventual destruction their entire inventory of counterfeit and infringing products. To effectuate this provision, the parties shall work together to identify the documents and things to deliver. After such delivery, this provision shall be deemed satisfied.

10. If any products described in paragraph 10 (a)-(j) above come into Defendants' possession, Defendants shall (a) promptly segregate, quarantine and maintain any and all such products and business records related thereto, (b) promptly notify Apple's counsel of the same and (c) deliver such products and business records to Apple's counsel.

11. Defendants shall provide written notice and copies of this Consent Order Of Judgment And Permanent Injunction to their successors, assigns, affiliates, officers and directors within ten (10) days after the entry of this Consent Order of Judgment And Permanent Injunction, and promptly thereafter where necessary to provide appropriate notice.

12. Defendants shall, within thirty (30) days after the entry of this Consent Order of Judgment And Permanent Injunction, file with this Court and serve upon Apple's counsel a written report under oath setting forth in detail the manner in which Defendants have complied with this Order.

13. This Consent Order Of Judgment And Permanent Injunction shall be binding on and inure to the benefit of the Parties hereto, their officers, representatives, members, managers, directors, agents, heirs, executives, beneficiaries, employees, successors, assigns, subsidiaries, affiliates, parents and licensees.

14. The Court shall continue to retain jurisdiction to construe, enforce, or implement this Permanent Injunction upon the application of either party.

DATED: September 16, 2011
Brooklyn, NY 11201

Approved:

s/KAM
UNITED STATES DISTRICT JUDGE


Date: 9/15/11

FULBRIGHT & JAWORSKI L.L.P.

_____
Mark N. Mutterperl
Todd R. Hambidge
666 Fifth Avenue
New York, New York 10103
(212) 318-3000

*Attorneys for Plaintiff Apple Inc.*

Date: 9/13/11

APPLE STORY INC.

_____
Print Name: PO CHIANG JANICE
Print Title: President
Date: 9/13/11

FUN ZONE INC.

_____
Print Name: Jimmy Kwok
Print Title: President
Date: 9/13/11

JANICE PO CHIANG

_____
Defendant
Date: 9/13/11

JIMMY KWOK

_____
Defendant